IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHRN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NATIONWIDE JUDGMENT RECOVERY, INC.,
    Plaintiff,

v.                                                CASE NO. 1:22mc58-AW-MAL

DAVID W. PADOT,
    Defendant/Judgment Debtor,

and

SUNCOAST CREIT UNION,
    Garnishee.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff Nationwide Judgment Recovery, Inc.'s Motion for Final Judgement in Garnishment as to Garnishee Suncoast Credit Union, N.A. with Supporting Memorandum of Law. ECF No. 22. The motion was referred to the undersigned in accordance with Northern District of Florida Local Rule 72.3. For the reasons stated below, I recommend that Plaintiff's Motion for Final Judgment in Garnishment be GRANTED.

## BACKGROUND

1. On July 6, 2022, Plaintiff registered with this court a foreign judgment that issued from the Western District of North Carolina against

1

defendant/judgment debtor David W. Padot in the amount of $22,146.88. ECF No. 1.

2. On July 22, 2022, Plaintiff filed a motion for writ of garnishment against the garnishee, Suncoast Credit Union. ECF No. 5.

3. On July 26, 2022, the Court entered an order granting the motion for writ of garnishment and directed the clerk to issue the writ. ECF No. 9.

4. On October 20, 2022, garnishee Suncoast Credit Union filed an answer, confirming two accounts that may be subject to the writ of garnishment. ECF No. 18. Account number xxxx2390-000 in the name of David W. Padot held jointly with Wendy Padot and Samuel Stegall held $150.53.[1] Id. at 1. Account number xxx2390-0050 in the name of David W. Padot, held jointly with Wendy Padot held $117.64. Id. Garnishee set aside a total $238.17[2] from these two accounts in response to the writ. Id. at 1-2.

5. On October 31, 2022, Plaintiff filed a certificate of service of Suncoast Credit Union's answer and the notice issued to Defendant David W. Padot

---

[1] When a bank's answer "reflects a joint account, without any limitations noted, the debtor is presumed to own the entire account, subject to the right of the account holders to rebut that presumption, such that the full amount of the account is available to the judgment creditor for garnishment, absent evidence of the nondebtor's sole equitable ownership of a specific identifiable portion." Postnet Int'l Franchise Corp. v. R & B Cent. Enterprises, Inc., No. 6:08-CV-00106-22-DAB, 2009 WL 453413, at *3 (M.D. Fla. Feb. 23, 2009).

[2] Suncoast Credit Union deducted $5.00 from each account to maintain membership and $25.00 for processing in accordance with the member's account agreement. ECF No. 18 at ¶ 1.

regarding his right to dissolve the writ of garnishment, in compliance with Section 77.055, Florida Statutes. ECF No. 19.

6. On October 31, 2022, Plaintiff filed a certificate of service of Suncoast Credit Union's answer and the notice issued to Samuel Stegall regarding his right to dissolve the writ of garnishment, in compliance with Section 77.055, Florida Statutes. ECF No. 20.

7. On October 31, 2022, Plaintiff filed a certificate of service of Suncoast Credit Union's answer and the notice issued to Wendy Padot regarding her right to dissolve the writ of garnishment, in compliance with Section 77.055, Florida Statutes. ECF No. 21.

8. On December 5, 2022, Plaintiff filed its motion for final judgment in garnishment against Suncoast Credit Union, noting that Plaintiff had complied with the applicable statutes and rules and that neither David W. Padot, Wendy Padot, nor Samuel Stegall had moved to dissolve the writ of garnishment or file a claim of exemption. ECF No. 22.

## **DISCUSSION**

Chapter 77, Florida Statutes, sets out the procedures for collection of a judgment by writ of garnishment in the State of Florida. Chapter 77 applies to this proceeding by way of Federal Rule of Civil Procedure 69, which adopts "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a).

Plaintiff has complied with the procedures for writ of garnishment under Chapter 77, Florida Statutes, by:

1. Filing a motion for writ of garnishment after judgment in accordance with Section 77.03, Florida Statutes. ECF Nos. 1 and 5.
2. Having a writ of garnishment issued in compliance with the form of Section 77.04, Florida Statutes, and including the exemption notice required under Section 77.041, Florida Statutes. See ECF Nos. 9, 5-1, and 14.
3. Serving a copy of Suncoast Credit Union's answer and notice of the right to dissolve the writ on David W. Padot,, Wendy Padot, and Samuel Stegall, in compliance with Section 77.055, Florida Statutes. ECF Nos. 19, 20, and 21.

The statutory time periods for David W. Padot, Wendy Padot, and Samuel Stegall to make a claim of exemption under Section 77.041, Florida Statutes, and to dissolve the writ of garnishment under Section 77.07, Florida Statutes, have expired. To date, no claim of exemption or motion to dissolve has been filed. Because there are no disputed issues to be tried, Plaintiff is entitled to judgment on Suncoast Credit Union's answer, in accordance with Section 77.083, Florida Statutes.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully RECOMMENDED:

1. Plaintiff's Motion for Final Judgment in Garnishment as to Garnishee Suncoast Credit Union (ECF No. 22) be GRANTED.

2. Judgment in garnishment in favor of Plaintiff and against Garnishee Suncoast Credit Union be entered in the sum of $238.17. Suncoast Credit Union should be directed to forward the funds to Plaintiff within ten days of the date of the judgment, payable to Emery Law, PLLC Trust Account and mailed to: Emery Law, 5011 Gate Parkway, Bldg. 100, Suite 100, Jacksonville, FL 32256. Upon so doing, the Garnishee Vystar Credit Union will be discharged from further liability under the Writ of Garnishment issued on July 26, 2022, as to Defendant David W. Padot.

At Gainesville, Florida, on January 19, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**